# HUBBELL LATHROP *v.* TOWN OF SUNDERLAND.

*School district. Presumption as to organization of union district. Not dissolved by adoption of town system.*

1. A school district, composed of territory from two or more towns, which has maintained an organization and acted as a school district since 1800, will stand, as to being dissolved, like a union district formed by the concurrent votes of two or more towns.

2. Such a district would not be, as the law was in 1886, dissolved by the adoption of the town system by that town in which the school house was located.

Assumpsit for the recovery of taxes paid under protest. Heard upon the report of a referee at the June term 1890, Bennington county, Royce, Ch. J., presiding. Judgment *pro forma* for the plaintiff. The defendant excepts.

The tax in question was a school tax assessed by the defendant town against the plaintiff. The plaintiff claimed that this tax was invalid for the reason that the district within which he resided had never been dissolved and that therefore the town had no right to tax him for the maintenance of schools. The defendant claimed that the district had been dissolved by the adoption of the town system by it.

In reference to the district, its organization and maintenance, the referee reported as follows :

" School District No. 1 in Sunderland, and the persons owning or residing upon certain farms in the town of Manchester, and one farm in the town of Sandgate, have all acted together and supported a school as one district since before the year 1800. The district officers during this time have been chosen in part from Manchester and Sandgate. The Manchester part of the district at one time was known as the Bronson district, but

never had any organization except with Sunderland, and never chose officers or had a school house or school by themselves. The farm in Sandgate is so situated in reference to the mountains and highways that it cannot practically be accommodated in any other school district."

There was no record produced before me of any action on the part of Sunderland, Manchester, and Sandgate, creating a union district, except as hereinafter stated. The first record evidence of an organization of this district was at a meeting called by the selectmen of Sunderland on the 6th day of November, A. D. 1805. At the first annual meeting of the district after its organization, holden November 25th, 1806, a resident of Manchester was chosen moderator, and other Manchester men participated in the meeting; and the officers of the district have been elected from year to year since that time without reference to whether they resided in the Manchester, Sunderland, or Sandgate part of the district. There has been a school house in the Sunderland part of the district for more than a hundred years.

At a school meeting held at the school house in District No. 1, in Sunderland, March 20, 1858, among other things it was voted to exclude all persons residing in Manchester and Sandgate from participating in the benefits of such district, and then voted to adjourn to the second Tuesday of September following.

. March 29, 1858, a school meeting was warned to meet at the shop of one King in the Sunderland part of the district on the 5th of April, 1858, for the purpose, among other things, of voting to exclude certain persons residing in Manchester and Sandgate from the District.

For some time subsequent to the meeting held on the 5th day of April, 1858, a majority of the voters in the Sunderland part of the district held school meetings, elected officers and assessed taxes, and kept up a school. A suit growing out of the assessment and collection of the taxes last named was commenced between a tax payer by the name of Lyman Bowen against Lemuel King, the collector; the case was tried in the County Court

Hubbell Lathrop *v*. Town of Sunderland.

and passed to the Supreme Court on exceptions; was tried in the Supreme Court, and the case is reported in Volume 34, page 156 of the Vermont Reports. At the hearing before me a. certified copy of the referee's report in that case and of the opinion of the court was offered in evidence by the plaintiff, and the same was objected to by the defendant, (counsel on both sides agreed that the printed case as reported in Volume 34, page 156 and the following pages might be used the same as the certified copies, provided such certified copies were admissible). The case was admitted and is made a part of this report. The facts in this case are found upon other evidence, but if the court is of the opinion that the record of said case is admissible, and it is competent for the referee to find any of the facts stated in that case upon that record, then the referee finds such further facts as said record contains in addition to the facts otherwise set forth in this report. The school district after the decision of the case of *Bowen* v. *King, supra*, seemed to accept that decision as final, and have maintained a school, elected officers and assessed and collected taxes each year up to the time the present controversy arose."

*Batchelder & Barber*, for the defendant.

When a town adopts the town system all districts are thereby dissolved, except graded school districts, and districts formed by the concurrent votes of adjoining towns.

School District No. 1 in Sunderland was neither.

The legislature has full authority over the municipal corporations which it has created. 1 Dillon Mun. Cor. 54 and cases cited ; Cooley Const. Lim. 230 ; and cases cited ; *Montpelier* v. *East Montpelier*, 27 Vt. 706.; *Town of Bennington* v. *Park et al.*, 50 Vt. 178.

*J. C. Baker*, for the plaintiff.

Under the facts reported it will be presumed that this district was organized by a concurrent vote of the town, there having

been a statute under which that might have been done since 1808. *Barnes* v. *Barnes*, 6 Vt. 393; *Bull* v. *Griffith*, 30 Vt. 273; *Pierce* v. *Whitman*, 23 Vt. 626; *Bowen* v. *King*, 34 Vt. 156; *Brock* v. *Bruce*, 59 Vt. 313.

Since this district has not been abolished, the town system does not extend to it and no legal tax can be laid by the town for the support of schools. *Rowell* v. *Horton*, 57 Vt. 31; *Brock* v. *Bruce*, 58 Vt. 261.

The opinion of the court was delivered by

ROSS, Ch. J. In March, 1886, the town of Sunderland adopted the town system of schools. The plaintiff's right to recover depends upon whether, by the adoption of the town system, school district No. 1 in that town, in which the plaintiff resided, was dissolved. The character of that district was determined by this court in *Bowen* v. *King*, 34 Vt. 156. It is there held to be " a fixed and permanent union district," presumably under a special charter from the legislature, " indissoluble except in the mode pointed out by the statute," and that it could not be dissolved by the action of a part of the district, nor by the action of one town. The union district there spoken of, is not a union district under R. L. 573, but a district composed of territory from two or more towns organized under the law of 1808, R. L. 501, by the concurrent vote of the towns, or under a special act of the legislature. Until 1828 no general law was enacted for dissolving such school districts. It was then enacted that they might be dissolved by three justices of the peace appointed by a judge of the county court. Subsequently and before the passage of the act giving a town the right to adopt the town system, it had been provided, that before application could be made to such judge to appoint justices to dissolve such district the vote of the several towns in which the district was situated must be taken on the question of dissolving the district. If their votes concurred in favor of a dissolution the district was dissolved. If they were non concurrent the

application to such judge for the appointment of justices could be resorted to.

In *Pierce, Admr.,* v. *Whitman,* 23 Vt. 626, this court held that the provision of the law for the dissolution of districts of this character, enacted in 1828, applied to all such districts, however created, or when, as in that case, created by a special charter from the legislature. School district No. 1, in Sunderland, under these decisions, in 1886 was a district of that character, being composed of territory taken from the towns of Sunderland, Manchester, and Sandgate, created presumably under a special charter from the legislature, and dissolvable, as the law was in 1886, primarily by the concurrent vote of these towns, R. L. 546, 547, unless it could be dissolved by the sole vote of Sunderland, in adopting the town system. Hence the sole contention is in regard to the legal effect of its vote adopting the town system. Did it dissolve School District No. 1? It is evident from an inspection of the statute in regard to the adoption of the town system and its effect, that it was not the purpose of the legislature to give the town adopting that system power to dissolve a district for whose dissolution the concurrent vote of all the towns from which it was organized, was required. R. L. 589, reads: "A town may at its annual meeting abolish the school district system which the town by its sole action had created. But the restricting section of the act providing for the town system, contained in R L. 604 makes this purpose of the legislature more explicit. That reads : " The foregoing provisions of this chapter shall not apply to graded school districts which have been incorporated by an act of the legislature, unless accepted by a vote of two-thirds of the voters therein, nor to a district formed by the concurrent votes of two or more towns, without the concurrent votes of each of said towns consenting thereto." This section indicates that the purpose of the legislature was to limit the effect of the vote of the town adopting the town system, to such school districts as it had exclusive power to abolish. It ex-

cepted from the operation of such vote districts existing under a charter or special act of the legislature, and districts formed by the concurrent votes of two or more towns, which, at the time the act establishing the town system took effect, could be abolished by such concurrent vote. While district No. 1 in Sunderland, according to the decision of *Bowen* v. *King, supra,* presumably was established under a special act of the legislature, which might or might not have required the concurrent vote of the three towns from whose territory the district was taken, it is determined to be possessed of the identical characteristics of a district formed by the concurrent vote of the three towns, and capable of being dissolved by such concurrent vote. It falls, therefore, not exactly within the letter of the excepting section of the statute, but fully within its reason and purpose. We think, both from the opening section and the excepting section of the act establishing the town system, and from the reason and purpose of the law, that district No. 1 in Sunderland was not dissolved by the vote of Sunderland adopting the town system of schools. Hence the plaintiff remained a resident tax payer of that district, and not the subject of taxation by the town to support the town system. He is therefore entitled to recover the tax sued for.

*Judgment affirmed.*

Munson, J., having been of counsel did not sit. Taft, J., concurred in the result.